UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-18-2446-MWF-SK | Date: October 17, 2019 |
| Title: Chris Langer v. Kenarik Boghouzian et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DENYING MOTION FOR SUMMARY JUDGMENT [33]

Before the Court is Plaintiff Chris Langer's Motion for Summary Judgment (the "Motion"), filed August 5, 2019 (Docket No. 33). Defendants Kenarik Boghouzian, Seroj Boghouzian, and Garabet Nercessian filed an Opposition on September 16, 2019. (Docket No. 37). On September 23, 2019, Plaintiff filed a Reply. (Docket No. 38).

The Court has read and considered the papers filed on the Motion and held a hearing on October 17, 2019. The parties did not raise any new argument at the hearing.

For the reasons set forth below, the Motion is **DENIED**. The parties have provided conflicting evidence as to whether Plaintiff went to the Drug Center Pharmacy to shop on February 27, 2018, and whether he suffered from the lack of an accessible parking space on that visit.

## I. BACKGROUND

On March 27, 2018, Plaintiff filed this action against Defendants seeking injunctive relief and statutory damages under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and the Unruh Civil Rights Act (the "Unruh Act"), Cal. Civ. Code §§ 51-53. (Complaint (Docket No. 1)). On August 5, 2019, Plaintiff filed the instant Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-18-2446-MWF-SK | Date: October 17, 2019 |
| Title: Chris Langer v. Kenarik Boghouzian et al. | |

Plaintiff is a paraplegic man, who cannot walk and uses a wheelchair for mobility. (Defendants' Separate Statement of Undisputed Material Facts in Support of Defendants' Opposition to Plaintiff's Motion for Summary Judgment ("DSUF"), Docket No. 37-1 ¶ 1). Plaintiff lives in San Diego and has a specially equipped van with a ramp that deploys from the passenger side of the van to accommodate his wheelchair. (*Id.* Nos. 2, 19). Plaintiff needs a parking space with an access aisle to ensure that he has enough room to deploy his ramp. (*Id.* No. 10). He also needs a space with proper signage and markings so that it is clear to non-disabled patrons that it is only for disabled patrons. (*Id.* No. 11).

The Drug Center Pharmacy ("Pharmacy") is located at or about 1127 E. Broadway, Glendale, California. (*Id.* No. 3). Defendants Kenarik Goghouzian and Seroj Boghouzian are the owners of the real property on which the Pharmacy is located and they were the owners in February 2018. (*Id.* No. 5). Defendant Garabet Nercessian is the owner and operator of the Pharmacy and he was the owner and operator in February 2018. (*Id.* No. 6).

The parties dispute whether Plaintiff has been to the Pharmacy. Plaintiff declares that he went to the Pharmacy to shop on February 27, 2018. (Declaration of Chris Langer ("Langer Decl.") ¶ 4 (Docket No. 33-5)). He states that he found parking spaces for customers on the date of his visit. (*Id.* ¶ 5). However, he did not find any space designated for use by persons with disabilities. (*Id.* ¶ 6). Plaintiff also did not find any parking space with an adjacent access aisle and any signage indicating disabled parking. (*Id.*). Because he was unable to safely park, Plaintiff asserts that had no choice but to leave the property. (*Id.* ¶ 10). Plaintiff also states that the lack of van accessible parking space caused him difficulty, discomfort, and frustration. (*Id.* ¶ 11).

Defendants contests that Plaintiff visited the Pharmacy on February 27, 2018. (DSUF No. 7). Nercessian, the owner of the Pharmacy, declares that he has never seen Plaintiff on the property where the Pharmacy is located at the time of the alleged incident, on or around February 27, 2018, or any time thereafter. (Declaration of Garabet Nercessian ("Nercessian Decl.") ¶ 2 (Docket No. 37-2)). Nercessian further states that the Pharmacy has never served Plaintiff. (*Id.* ¶ 3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-18-2446-MWF-SK                          Date:  October 17, 2019
Title:       Chris Langer v. Kenarik Boghouzian et al.

     On March 15, 2018, Evens Louis, an investigator for Plaintiff, conducted an investigation of the Pharmacy.  (*Id.* No. 15).  He found that there were six off-street parking serving the Pharmacy but no parking space marked and reserved for persons with disabilities in the lot.  (*Id.* No. 16).  Additionally, he found the transaction counter inside the Pharmacy measured 35 inches high.  (*Id.* No. 16).  There was no lowered portion of the transaction counter for use by persons in wheelchairs.  (*Id.* No. 18).

     Although Plaintiff lives in San Diego, he declares that he regularly travels to Glendale and the Greater Los Angeles Area to eat, shop, and attend auctions and other events in the County.  (Langer Decl. ¶ 13).  Plaintiff further asserts that the Pharmacy is a convenient place for him to shop whenever he is in the area.  (*Id.*).  However, he is currently deterred from visiting the Pharmacy because of his knowledge of the lack of van accessible parking.  (*Id.* ¶ 15).  Once the violations are removed, Plaintiff declares that he plans to visit the Pharmacy regularly as the need arises.  (*Id*. ¶ 16).

     Defendants contest that the Pharmacy is a convenient place for Plaintiff to shop.  (DSUF No. 19).  The Pharmacy is engaged in the business of dispensing prescription medications, and is not commonly used by the public to shop.  (Nercessian Decl. ¶¶ 4, 5).  Instead, Nercessian declares that customers use the Pharmacy to fill prescriptions.  (*Id.* ¶ 5).

     Moreover, Defendants contest that Plaintiff is currently deterred from visiting the Pharmacy because of his knowledge of the lack of van accessible parking.  (DSUF No. 21).  Kenarik Boghouzian, the owner of the real property on which the Pharmacy is located, declares that he retained Asphalt Engineering Company to mark and reserve a van accessible parking space on his property on or around June 4, 2018.  (Declaration of Kenarik Boghouzian ("K. Boghouzian Decl.") ¶ 2 (Docket No. 37-3)).  Boghouzian declares that, by June 30, 2018, he made all necessary changes and repairs to bring the property in compliance with applicable ADA standards.  (*Id.* ¶ 3).

## II.  **LEGAL STANDARD**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-18-2446-MWF-SK                         Date:  October 17, 2019
Title:      Chris Langer v. Kenarik Boghouzian et al.

In deciding a motion for summary judgment under Federal Rule of Civil Procedure 56, the Court applies *Anderson*, *Celotex*, and their Ninth Circuit progeny. *Anderson*, 477 U.S. 242; *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

The Ninth Circuit has defined the shifting burden of proof governing motions for summary judgment where the non-moving party bears the burden of proof at trial:

> The moving party initially bears the burden of proving the absence of a genuine issue of material fact.  Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case.  Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial.  This burden is not a light one.  The non-moving party must show more than the mere existence of a scintilla of evidence.  The non-moving party must do more than show there is some "metaphysical doubt" as to the material facts at issue.  In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor.

*Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1259 n.2 (9th Cir. 2016) (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)).  "A motion for summary judgment may not be defeated, however, by evidence that is 'merely colorable' or 'is not significantly probative.'"  *Anderson*, 477 U.S. at 249-50.

"When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'"  *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-18-2446-MWF-SK                     Date:  October 17, 2019
Title:      Chris Langer v. Kenarik Boghouzian et al.

## III.  DISCUSSION

Defendants contest Plaintiff's assertion that he visited the Pharmacy on February 27, 2018 and that he suffered from the lack of accessible parking lot at the Pharmacy. Although Defendants do not mention standing, they appear to be effectively challenging Plaintiff's standing to bring this action.

Plaintiff has the burden of proving he has Article III standing to bring a claim under the ADA. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). To establish standing, Plaintiff must demonstrate that he has suffered an injury in fact, that the injury is traceable to the Defendants' challenged conduct, and that the injury can be redressed by a favorable decision. *Hubbard v. Rite Aid Corp.*, 433 F. Supp. 2d 1150, 1162 (S.D. Cal. 2006) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992)).

Here, the parties dispute whether Plaintiff has suffered an injury in fact. Plaintiff declares that he went to the Pharmacy to shop on February 27, 2018. (Langer Decl. ¶ 4). He further declares that he did not find any accessible parking spaces on the date of his visit. (*Id.* ¶ 5). Plaintiff further asserts that the Pharmacy is a convenient place for him to shop whenever he is in the area, but that he is deterred from visiting the Pharmacy because of his knowledge of the lack of van accessible parking. (*Id.* ¶¶ 13, 15).

Defendants disputes Plaintiff's assertion that he went to the Pharmacy to shop on February 27, 2018. First, Defendants note that Plaintiff has provided no evidence of him being at the Pharmacy other than his declaration. (Opp. at 5). None of the pictures or exhibits that accompany Plaintiff's Motion demonstrates Plaintiff's actual presence at the Pharmacy or at the parking space on February 27, 2018. (*Id.*). Second, Plaintiff's declaration is also refuted by Nercerssian's declaration that he was never seen on the Property at the time of the alleged incident. (Nercessian Decl. ¶ 2).

Defendants further challenge Plaintiff's assertion that the Pharmacy is a convenient place for him to "shop." (Opp. at 5). The Pharmacy is engaged in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV-18-2446-MWF-SK | Date:  October 17, 2019 |
| Title:   Chris Langer v. Kenarik Boghouzian et al. | |

business of dispensing prescription medications.  (*Id.*).  Yet, Plaintiff provides no evidence or mention of any prescription needed to be filled by Plaintiff.  (*Id.* at 6).  Defendants also argue that if the Pharmacy is a convenient place for Plaintiff to shop on a regular basis, then he would have known that the alleged barriers had in fact been removed at least as of June 30, 2018.  (*Id.*).

Plaintiff argues that Defendants' declaration should not be credited because they have no personal knowledge regarding Plaintiff's visit.  The Court disagrees.  Just as Plaintiff has personal knowledge over his visit to the Pharmacy, Defendants have personal knowledge over whether they saw Plaintiff on the property or whether they have served Plaintiff at the Pharmacy on February 27, 2018.

Plaintiff further argues that Defendants must do more than declare that Plaintiff was not present at the property on February 27, 2018.  Yet, the Court notes that Plaintiff has done the same.  Plaintiff has not provided any evidence other than his declaration that he visited the Pharmacy.  For example, Plaintiff did not submit any pictures or any other evidence documenting the parking lot during his visit.  Plaintiff also did not declare whether he had any prescription on February 27, 2018 he needed to fill at the Pharmacy.

Based on this record, the Court cannot conclude that there is no dispute of fact as to whether Plaintiff actually visited the Pharmacy and that he suffered an injury from the lack of accessible parking space at the Pharmacy on February 27, 2018.  Both parties have presented conflicting declarations regarding Plaintiff's alleged visit to the Pharmacy.  Neither party has provided evidence other than conflicting declarations that demonstrates whether Plaintiff was or was not at the Pharmacy on the date in question.  On a motion for summary judgment, the Court cannot make credibility determinations.  *See Banks v. Hayward*, 216 F.3d 1082, 1082 (9th Cir. 2000) ("Moreover, in evaluating a motion for summary judgment, the court may not make credibility determinations or weigh conflicting evidence.").

The Court, of course, is not ruling on the merits of Plaintiff's contention or determining the credibility of his declaration.  Rather, the Court concludes that based

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV-18-2446-MWF-SK	**Date:**  October 17, 2019
**Title:**	Chris Langer v. Kenarik Boghouzian et al.

on the conflicting evidence, the Court cannot determine there is no genuine dispute as to any material fact and that Plaintiff is entitled to judgment as a matter of law. Accordingly, the Motion is **DENIED** as to Plaintiff's ADA claim.

Under California law, an ADA violation constitutes a violation of the Unruh Act. *See* Civ. Code § 51(f). Because Plaintiff based his Unruh Act claim on a violation of the ADA, the Court concludes that there are also genuine issues of material fact as to the Unruh Act claim. Accordingly, the Motion is **DENIED** as to Plaintiff's Unruh Act claim.

For the foregoing reasons, the Motion is **DENIED** in its entirety.

IT IS SO ORDERED.